Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000889
13-JUN-2018
08:10 AM

NO. CAAP-16-0000889

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EUGENE HAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTA-15-03467)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Eugene Han (**Han**) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on December 2, 2016 in the District Court of the First Circuit, Wai'anae Division (**District Court**).[1]

Han was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).

On appeal, Han contends the District Court: (1) plainly erred by failing to rule on his pretrial motion to suppress prior to trial; and (2) plainly erred by failing to conduct an adequate Tachibana colloquy.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Han's points of error as follows:

---

[1] The Honorable James C. McWhinnie presided.

(1)   The District Court plainly erred by failing to decide Han's October 9, 2015 "Motion to Suppress Statements or Evidence of Defendant's Breath or Blood Test Because of Miranda Violation" (**Motion to Suppress**) prior to trial, because failure to decide a motion to suppress prior to trial constitutes reversible error unless the parties agree to consolidate the hearing on the motion with trial.  Hawai'i Rules of Penal Procedure (**HRPP**) Rule 12(e); State v. Thomas, 72 Haw. 48, 53-54, 805 P.2d 1212, 1214-15 (1991) (citations omitted) (recognizing plain error).  However, Han claimed a Miranda warning was required to be given to him because he was in custody and was subjected to custodial interrogation when the police advised him of the implied consent law and told him that he had a choice of taking a blood alcohol test or refusing.  Han requested that statements made during custodial interrogation regarding his consent to testing and the result of any subsequent testing be suppressed due to lack of a Miranda warning.  No evidence of a breath or blood test, or statements by Han regarding a breath or blood test, was elicited at trial.  Therefore, the error in failing to rule on the motion to suppress was harmless.

(2)   The District Court plainly erred by failing to conduct an adequate Tachibana colloquy.  During the Tachibana colloquy, the District Court did not obtain a response by Han that he understood the rights that were recited to him, and Han's only response was that it was his decision not to testify.   The record does not establish that the requirements for a "true colloquy" were met.  State v. Celestine, 142 Hawai'i 165, 171-73, 415 P.3d 907, 913-15 (2018), State v. Chong Hung Han, 130 Hawai'i 83, 90-91, 306 P.3d 128, 135-36 (2013), State v. Pomroy, 132 Hawai'i 85, 93, 319 P.3d 1093, 1101 (2014).  Answering that it was his decision not to testify does not cure the inadequacy of the colloquy.  Celestine, 142 Hawai'i at 172, 415 P.3d at 914.

The State argues that Han's responses during the pretrial advisement satisfies the Tachibana colloquy requirement. During the pretrial advisement, however, Han was not asked and he did not state that he understood the advisement as to his right

2

to testify. Specifically, the pretrial advisement did not ascertain whether Han understood his right to testify, that no one could prevent him from testifying, and that he would be subject to cross examination if he testified. Tachibana v. State, 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995); see also State v. Eduwensuyi, 141 Hawai'i 328, 334, 409 P.3d 732, 738 (2018)(holding that a pretrial advisement did not cure a deficient ultimate colloquy).

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307 (citation omitted). "[I]t is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case." State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (2000) (citation omitted). Therefore, the error was not harmless beyond a reasonable doubt.

Therefore, IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on December 2, 2016 in the District Court of the First Circuit, Wai'anae Division, is vacated. The case is remanded for a new trial.

DATED: Honolulu, Hawai'i, June 13, 2018.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Justin P. Haspe,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3